IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTH DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHOGO HANAMURA, Individually, | ) | |
| SARA HANAMURA, Individually, and as next | ) | |
| friend of her UNNAMED MINOR FEMALE, | ) | |
| (Deceased). | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:21-cv-01687 |
| | ) | |
| JANE DOE and/or JOE DOE as Agents | ) | |
| of UNITED AIRLINES, INC., and | ) | |
| UNITED AIRLINES, INC. | ) | |
| *Defendants* | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their attorney, Bradford N. Oesch of Bradford N. Oesch, P.C., respectfully allege for their Complaint and Jury Demand as follows:

## I. INTRODUCTION

1.      This action is brought by Plaintiffs, SHOGO HANAMURA ("SHOGO"), individually and SARA HANAMURA ("SARA"), individually and as next friend of her deceased daughter ("UNNAMED MINOR FEMALE") against Defendant, JANE DOE and/or JOE DOE as Agents of UNITED, AIRLINES, INC., and UNITED AIRLINES, INC. ("UNITED") under *Article 17(1) of the Montreal Convention* for the May 29, 2019 death and injury of passenger, UNNAMED MINOR FEMALE, who was three months old.

2.      JANE DOE and/or JOE DOE as gate agents of UNITED. committed negligence which was a producing cause of the untimely death of three-month old UNNAMED MINOR

PLAINTIFFS' ORIGINAL COMPLAINT                                                                  1

FEMALE, who was aboard a United Airlines 787 (UA 35) that was mid-flight from San Francisco to Japan.

3.      Plaintiffs allege that Defendant, UNITED failed to properly train, supervise, screen, counsel, or take the necessary steps to ensure JANE DOE and/or JOE DOE as gate agents knew how to follow UNITED corporate policy in the seating arrangements of "lap children" aboard international flights. Such conduct was a proximate cause of the untimely death of three-month old UNNAMED MINOR FEMALE.

4.      Plaintiffs allege that UNITED is responsible individually and through the doctrine of Respondeat Superior for negligently failing to properly train their onboarding agents of their UNITED's policy, which is stated on their website."[1]

## II. JURISDICTION AND VENUE

5.      Jurisdiction is proper because Plaintiffs reside in Houston, Harris County, Texas and Defendant, UNITED is a Delaware Corporation, with the principal place of business in Illinois.

6.      UNITED maintains offices and operates in Houston, Harris County, Texas.

7.      This Court has subject matter jurisdiction pursuant to the *Article 33(2) of the Montreal Convention*.

8.      Venue is proper in this District under 28 U.S.C. § 1391(c).

## III. PARTIES

9.      Plaintiffs, SHOGO HANAMURA and SARA HANAMURA are the parents of UNNAMED MINOR FEMALE (deceased) and are both residents of Houston, Harris County, Texas. SHOGO HANAMURA is suing individually, and SARA HANAMURA is suing individually and as next friend of UNNAMED MINOR FEMALE.

---

[1] https://www.united.com/ual/en/us/fly/travel/special-needs/infants.html

10.     Defendant, UNITED AIRLINES, INC., ("UNITED") is a corporation organized and existing under the laws of Delaware. UNITED transacts or has transacted business in this district and throughout the United States.  UNITED can be served at 609 Main Street, Houston, Texas 77002, or wherever they may be found.

## IV. FACTUAL ALLEGATIONS

11.     UNNAMED MINOR FEMALE and Unnamed Minor Male are twins who were born early 2019.

12.     Several weeks prior to departure SARA contacted UNITED's customer service agents and was advised that she could bring and use child car seats so long as empty seats were available on the plane.

13.     On April 2, 2019, SARA took UNNAMED MINOR FEMALE and Unnamed Minor Male to the Doctor in order to ensure it was safe for them to fly to Japan in order to meet their grandparents. The Doctor suggested no extensive travel beyond 1-2 hours duration until they have reached 10 pounds in weight. The Doctor anticipated each child to weigh 10 pounds in the next 6 to 8 weeks.

14.     On or about May 27, 2019, after both children exceeded the ten (10) pound minimum weight limit, and about eight (8) weeks after the Doctor visit, Plaintiffs, SARA, and SHOGO along with their infant twins, UNNAMED MINOR FEMALE and Unnamed Minor Male, boarded a plane in Newark, New Jersey headed to Japan with a layover/plane change occurring in San Francisco, California.

15.     Knowing the flight across the Pacific would be long and arduous, SARA and SHOGO traveled with and intended to use FAA approved child restraint system for each of their infant twins.

16.     On or about May 28, 2019, Plaintiffs SARA, SHOGO, UNNAMED MINOR FEMALE and Unnamed Minor Male landed in San Francisco, California. With their car seats in hand, they made their way to the gate to catch United flight 35, their connecting flight.

17.     At the gate and prior to boarding, SHOGO was informed by Defendants, JANE DOE and/or JOE DOE the Agents of UNITED, that the car seats they were carrying for UNNAMED MINOR FEMALE and Unnamed Minor Male would not be allow on the flight even though there were multiple empty rows of seats on the plane.

18.     Upon being advised the car seats would have to be checked, an unidentified person, came and took the car seats intended for UNNAMED MINOR FEMALE and Unnamed Minor Male.

19.     At this point, SARA and SHOGO were informed that UNNAMED MINOR FEMALE and Unnamed Minor Male were to be "lap infants" for the fourteen-plus hour transpacific flight.

20.     This action was in direct violation of UNITED's public policy stated on their website which states "We'll (sic) accept one car seat free of charge for each child in addition to a stroller or folding wagon. This includes children under the age of two traveling on an adult's lap and infants traveling internationally…at the time of infant ticketing."[1]

21.     When SARA and SHOGO boarded the plane, they were assigned to row twenty (20). A three-seat row with an empty seat in between them. At that time, they noticed multiple empty rows behind them.

22.     After a long day of traveling, SARA and SHOGO were exhausted and decided to take turns napping so that one parent could watch the kids.

_____

[1] https://www.united.com/ual/en/us/fly/travel/special-needs/infants.html

PLAINTIFFS' ORIGINAL COMPLAINT                                                          4

23.     SHOGO was the first parent to take a nap. SHOGO left SARA with UNNAMED MINOR FEMALE and Unnamed Minor Male to lay down in the row immediately behind them to nap.

24.     Upon seeing SARA holding both babies while SHOGO napped, the flight attendant suggested she place one of the babies in the unoccupied seat next to her while she breast fed the other one.

25.     Six hours into the flight and after SHOGO woke up from his nap, SARA left UNNAMED MINOR FEMALE and Unnamed Minor Male with SHOGO and went to the empty row behind them (row 21) to get some sleep.

26.     As SARA napped, SHOGO fed Unnamed Minor Male and as previously suggested by the flight attendant, placed UNNAMED MINOR FEMALE on the seat next to him while he bottle-fed Unnamed Minor Male.

27.     About fifteen (15) minutes into SARA's nap, SHOGO noticed UNNAMED MINOR FEMALE was not breathing and immediately woke SARA up. SHOGO handed UNNAMED MINOR FEMALE to SARA who realized her daughter was no longer breathing. SARA immediately ran to the back of the plane to get help from the flight attendants.

28.     UNNAMED MINOR FEMALE passed away due to low oxygen intake at the seat level for which UNNAMED MINOR FEMALE was exposed, which would not have occurred if SARA and SHOGO had been allowed to carry-on the FAA approved child restraint system per UNITED's company policy.

## V. <u>STATEMENT OF CLAIMS FOR RELIEF</u>

29.     Defendant, UNITED, their staff, and agents failed to exercise reasonable care for the safety of all passengers, including UNNAMED MINOR FEMALE, by committing one or more

of the following negligent acts or omissions which was a producing cause of UNNAMED MINOR

FEMALE's death:

>    a.    Failure to allow car seats on the plane in violation of UNITED's policy;
>
>    b.    Failure to property train employees; and
>
>    c.    Failure to enforce United Airlines, Inc.'s policy.

30.    On May 28, 2019, UNNAMED MINOR FEMALE died aboard United Airlines

flight UA35 headed from San Francisco, California to Osaka, Japan.

31.    Under the Montreal Convention effective May 28, 1999 and ratified by the United

States in September 5, 2003, UNITED is strictly liable for the damages sought herein.

## VI. DAMAGES

32.    Under Article 21 of the Montreal Convention, referenced Rule 28 of UNITED's

Contract of Carriage, SHOGO, individually and SARA, individually and as next friend of

UNNAMED MINOR FEMALE are entitled to an advanced payment in the amount of 128,821

special drawing rights. Which as of May 19, 2021 is $185,937.65 USD.  Further stipulated in

UNITED's Contract of Carriage, "an advanced payment shall be offset against, or deducted from

the payment of, any settlement or judgment with respect to any claim for compensation on behalf

of the passenger." UNITED's Contract of Carriage Rule 28 (B)(2)

### DAMAGES FOR SHOGO, INDIVIDUALLY

33. SHOGO, Individually, requests past and future economic losses on all claims allowed
    by law, including but not limited to funeral and medical related expenses;

34. SHOGO, Individually, requests compensatory and consequential damages, including,
    but not limited to, damages for mental anguish, emotional distress, and loss of
    consortium in an amount to be determined at trial;

35. SHOGO, Individually, requests attorneys' fees and the costs associated with this action, including expert witness fees, on all claims as allowed by law;

36. SHOGO, Individually, requests pre- and post-judgment interest at the highest lawful rate as allowed by law; and

37. SHOGO, Individually, requests any further relief that this Court deems just and proper, and any other relief as allowed by law.

## DAMAGES FOR SARA, INDIVIDUALLY

38. SARA, Individually, requests compensatory and consequential damages, including, but not limited to, damages for mental anguish and emotional distress, loss of enjoyment of life, loss of consortium on all claims allowed by law in an amount to be determined at trial;

39. SARA, Individually, requests attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;

40. SARA, Individually, requests pre- and post-judgment interest at the highest lawful rate as allowed by law; and

41. SARA, Individually, requests any further relief that this Court deems just and proper, and any other relief as allowed by law.

## DAMAGES FOR SARA, AS NEXT FRIEND OF UNNAMED MINOR FEMALE

42. SARA, and as next friend of UNNAMED MINOR FEMALE, requests compensatory and consequential damages, including, but not limited to, damages for mental anguish and emotional distress, loss of enjoyment of life, and conscious pain and suffering in an amount to be determined at trial;

43. SARA, as next friend of UNNAMED MINOR FEMALE, requests attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;

44. SARA, as next friend of UNNAMED MINOR FEMALE, requests pre- and post-judgment interest at the highest lawful rate as allowed by law; and

45. SARA, as next friend of UNNAMED MINOR FEMALE, requests any further relief that this Court deems just and proper, and any other relief as allowed by law.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, SHOGO HANAMURA, Individually, and SARA HANAMURA, Individually and as next friend of UNNAMED MINOR FEMALE respectfully request that this matter proceed to trial and seek judgment from the Court in their favor and against the Defendants, JANE DOE and/or JOE DOE and UNITED and grant them relief including, but not limited to:

46. Plaintiff, SHOGO, Individually, is entitled to reimbursement for medical and funeral expenses and any other economic losses incurred to be proven at the time of trial.

47. SHOGO, Individually, seeks fifteen million dollars ($15,000,000.00) in damages for mental anguish, emotional distress, loss of consortium.

48. SARA, Individually, seeks fifteen million dollars ($15,000,000.00) in damages for mental anguish, emotional distress, loss of consortium.

49. SARA, and as next friend of UNNAMED MINOR FEMALE, seeks in excess of ten-million dollars ($10,000,000.00) on behalf of UNNAMED MINOR FEMALE for conscious pain and suffering, emotional distress, and loss of life.

50. And any such further relief to which Plaintiffs may be entitled by law.

**PLAINTIFFS DEMAND A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 21st day of May 2021.

BRADFORD N. OESCH, P.C.

Bradford N. Oesch
Federal Bar No.17346
State Bar No. 15220050
800 Bering Dr., Suite 201
Houston, Texas 77057
Phone: (713) 771-7555
Facsimile: (832) 538-1265

ATTORNEY FOR PLAINTIFFS